

# NUMBER 13-15-00126-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

COOPER-SARATOGA, LLC
& HIGH TIDE PARTNERSHIP LTD.,                                    Appellants,

v.

DAVID B. LEWANDOS and
MARCIA L. LEWANDOS,                                              Appellees.

## On appeal from the County Court at Law No. 3
## of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Garza, Perkes, and Longoria**
**Memorandum Opinion by Justice Perkes**

Appellants Cooper-Saratoga, LLC and High Tide Partnership, Ltd. ("Cooper")

challenge a summary judgment rendered in favor of appellees David and Marcia

Lewandos (the "Lewandos"). Following an easement dispute, Cooper filed a lawsuit

alleging claims for fraud, breach of warranty of title, and breach of warranty against

encumbrances. The Lewandos filed a traditional motion for summary judgment, which the trial court granted. By one issue, Cooper alleges the trial court erred by granting summary judgment on issues not presented in the Lewandos's motion and by granting summary judgment on the Lewandos's limitations defense. We reverse and remand.

## I. BACKGROUND

On April 1, 2008, Cooper paid the Lewandos $50,000 for an easement surrounding a billboard on property that Cooper had previously leased from the Lewandos. The Lewandos had a Charter Bank mortgage and previously encumbered the property with a lien to secure that debt, but they subsequently defaulted on that debt. On or about August 2, 2011, Charter Bank foreclosed on the Lewandos's property, and sold it to Marwell Petroleum, L.P. ("Marwell").

On February 6, 2014, Marwell, as the new property owner, informed Cooper that there was "no lease or easement to maintain signage" on the property. Cooper thereafter purchased an easement from the new owner. On June 10, 2014, Cooper sued the Lewandos for fraud and alleged the discovery rule permitted late filing of the suit.

In their answer, the Lewandos pleaded the affirmative defense of limitations, and alleged that Cooper's claim for fraud was barred by the 4-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (West, Westlaw through 2015 R.S.). They subsequently moved for a traditional summary judgment on their affirmative defense of statute of limitations. In summary, they claimed that any alleged misrepresentation transpired when they signed the easement agreement; that more than four years passed before the lawsuit was filed; that a title search of the public records would have revealed

2

the lien to Charter Bank; that Cooper admitted it did not perform a title search of the public records; that any such misrepresentation and/or injury was not inherently undiscoverable; and that the discovery rule does not apply under the facts of this case. In support of their motion for summary judgment, the Lewandos included the following evidence: (1) Cooper's original petition; (2) Marwell's letter to Cooper explaining that Marwell purchased the property on which the easement was located; (3) Marwell's special warranty deed, in which the property was conveyed by Charter Bank to Marwell; (4) Cooper's easement agreement with Marwell; (5) Cooper's prior lease agreements with the Lewandos; (6) Cooper's letter to the Lewandos proposing to purchase an easement on the property; (7) Cooper's easement agreement with the Lewandos; (8) Charter Bank's deeds of trust which were executed by the Lewandos regarding the property; and (9) Cooper's responses to the Lewandos's discovery requests.

While the Lewandos's summary judgment motion was pending, Cooper filed an amended petition abandoning its fraud claim but raising new claims for breach of warranty of title and breach of warranty against encumbrances. In addition to repeating the factual allegations from the original petition, the amended pleading provided the following:

> [The Lewandos] granted a perpetual easement . . . thereby constituting a conveyance of an interest in land subject to the provisions of Section 5.021 and 5.023, Texas Property Code. The "grant" of the perpetual easement implies a covenant by [the Lewandos] that at the time of the execution of the conveyance the interest conveyed was free from encumbrance. It was not as heretofore referenced. [Cooper's] knowledge of the encumbrance, which knowledge is denied, is no defense to [the Lewandos's] breach of warranty of title and breach of warranty against encumbrances for which [Cooper is] entitled to recover the cost of discharging the encumbrance of $50,000.00 or, in the alternative, the amount paid for the easement of $25,000.00.

3

Cooper then filed a response to the Lewandos's motion for summary judgment, attaching no affidavits or exhibits, but solely relying on the exhibits filed in support of the Lewandos's motion for summary judgment. Cooper's response provided in relevant part as follows:

> 3. [Cooper] had no notice of the lien constituting the basis for these claims until on or about February 6, 2014 . . . at which time [Cooper] discovered said breaches. Until the receipt of the prior lien and subsequent foreclosure thereof, [Cooper] had no reason to suspect that the [Lewandos's] representation of free and clear title at the time of conveyance was false. [Cooper] had no burden to investigate [the Lewandos's] representations by title search or otherwise at that time or at any time thereafter. Furthermore, [Cooper's] actual or constructive knowledge of the title defect did not relieve the [Lewandos] from the referenced warranties.
>
> 4. The perpetual easement granted by [the Lewandos] . . . constituted a grant of a real property interest subject to the Statute of Frauds . . . the Statute of Conveyance . . . and the Statute of Implied Covenants . . . giving rise to the implied covenant against encumbrances.

[citations omitted].

Two days prior to the hearing, the Lewandos filed a reply in support of their motion for summary judgment. In their reply, the Lewandos asserted that limitations bars both the fraud and breach of warranty claims for the reasons set forth in their motion for summary judgment. In addition, they asserted that the implied covenants of warranty of title and warranty against encumbrances do not apply to an easement agreement.

The trial court granted the Lewandos's motion for summary judgment. Cooper's motion for a new trial was overruled by operation of law, and this appeal ensued.

## II. DISCUSSION

4

By its sole issue, Cooper claims the trial court erred by granting summary judgment dismissing its claims of breach of warranty of title and breach of warranty against encumbrances raised in their amended petition. Specifically, Cooper argues that the Lewandos failed to address either claim in their motion for summary judgment, and that the Lewandos's limitations defense is therefore inapplicable. The Lewandos respond that "Cooper's claims were intertwined with and derivative of one another and Cooper improperly attempted to recast their claim to avoid limitations[.]"

## A. Standard of Review & Applicable Law

We review the trial court's summary judgment de novo. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Under Rule 166a(c) of the Texas Rules of Civil Procedure, the party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). A defendant, as movant, is entitled to summary judgment if it (1) disproves at least one element of the plaintiff's theory of recovery; or (2) pleads and conclusively establishes each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *Pico v. Capriccio*

5

*Italian Restaurant, Inc.*, 209 S.W.3d 902, 905 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)).

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Thus, the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury. *Id.* If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

## C.    **Analysis**

Cooper first argues the trial court erred by granting summary judgment because the Lewandos's motion for summary judgment only addressed Cooper's fraud claim rather than its later-raised claims for breach of warranty of title and breach of warranty against encumbrances. Because it raised new claims in its amended petition, Cooper claims that the trial court necessarily disposed of claims the Lewandos failed to address in their motion for summary judgment.

Summary judgments may only be granted upon grounds expressly asserted in the summary judgment motion. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (citing TEX. R. CIV. P. 166a(c)). The consideration of summary judgment

6

grounds not properly raised in the trial court "may prejudice the nonmovant's ability to demonstrate that the issue raises a genuine issue of material fact." *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex. 1993). Generally, a movant who does not amend or supplement its pending motion for summary judgment to address newly added claims alleged in a subsequent petition is not entitled to summary judgment on those claims. *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983); *Wilson v. Davis*, 305 S.W.3d 57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Blancett v. Lagniappe Ventures, Inc.*, 177 S.W.3d 584, 592 (Tex. App.—Houston [1st Dist.] 2005, no pet.). In such a case, the portion of the summary judgment purporting to be final must be reversed because the judgment grants more relief than requested in the motion. *See Blancett*, 177 S.W.3d at 592. However, the Texas Supreme Court has stated that such an error "is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *Magee*, 347 S.W.3d at 297–98. Courts require "a very tight fit" between the grounds established or negated by summary judgment and the elements of unaddressed claims because "otherwise, the exception could swallow the rule." *Wilson*, 305 S.W.3d at 73.

The Lewandos's motion for summary judgment only addressed Cooper's fraud claim. Cooper, however, subsequently filed an amended petition abandoning its fraud claim while pleading new causes of action for breach of warranty of title and breach of warranty against encumbrances. *See Elliott v. Methodist Hosp.*, 54 S.W.3d 789, 793 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) ("A plaintiff's timely filed amended pleading supersedes all previous pleadings and becomes the controlling petition in the

7

case regarding theories of recovery."); *see also* TEX. R. CIV. P. 65. The Lewandos failed to file a motion for summary judgment challenging the newly pleaded causes of action. Therefore, the trial court erred in granting summary judgment on claims not addressed in the summary judgment motion. *See Magee*, 347 S.W.3d at 297.

The summary judgment motion asserted that limitations barred Cooper's fraud claim. A limitations defense does not automatically apply to any and all later-pled claims because limitations is claim-specific, with potentially different dates of accrual and varying limitations periods. Similarly, the discovery rule might apply to some claims, but not to others. It was the Lewandos's burden to establish the limitations and accrual date specific to each claim, including the later-pled breach of warranty claims. *See KPMG*, 988 S.W.2d at 748. They have failed to do so. Therefore, we cannot conclude that Cooper's newly pleaded claims are precluded as a matter of law by other grounds raised in the case. *See Magee*, 347 S.W.3d at 297–98.

Nevertheless, the Lewandos contend that the breach-of-warranty claims were nothing more than a fraud claim impermissibly recast to avoid limitations. However, we do not consider this argument because it was raised only in the reply brief to the trial court. *See Elliott*, 54 S.W.3d at 794; *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).

For similar reasons, we decline to consider the Lewandos's argument that "Cooper has not alleged a proper breach of warranty claim." This argument was not raised in the Lewandos's motion for summary judgment. We also note that summary judgment motions are not a proper vehicle to attack pleading deficiencies. *See In re B.I.V.,* 870

8

S.W.2d 12, 13–14 (Tex. 1994) (per curiam); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) ("Whether pleadings fail to state a cause of action may not be resolved by summary judgment."); *Tex. Dep't of Corr. v. Herring*, 513 S.W.2d 6, 9–10 (Tex. 1974) (concluding protective features of the special exception procedure should not be circumvented by summary judgment where the pleadings fail to state a cause of action).

We conclude the trial court erred by granting summary judgment dismissing Cooper's breach-of-warranty claims. *See Magee*, 347 S.W.3d at 297; *Chessher*, 658 S.W.2d at 564. We further conclude the trial court's error was not harmless because Cooper's newly pleaded claims are not precluded as a matter of law by other grounds raised in the Lewandos's motion for summary judgment. *See Magee*, 347 S.W.3d at 297–98. We sustain Cooper's sole issue.

### III. CONCLUSION

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

GREGORY T. PERKES
Justice

Delivered and filed the
10th day of November, 2016.

9